UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
JUL 28 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| RALSTON BROWN, INC., d/b/a LARSON SHEET METAL, | ) ) ) |
| Defendant. | ) |

Case No. 1:09-cv-00343 (TSE/IDD)

## REPORT AND RECOMMENDATION

This matter came before the Court for a hearing on June 5, 2009 on plaintiffs' Motion for Default Judgment as to Defendant, Ralston Brown, Inc. d/b/a Larson Sheet Metal (Dkt. No. 8) ("defendant"). Upon Consideration of the complaint, plaintiffs' motion for default judgment, and the supporting affidavits, the undersigned Magistrate Judge makes findings as follows, and recommends that default judgment be entered against defendant.

### I. INTRODUCTION

#### A. Background

Plaintiffs, the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the National Energy Management Institute Committee ("NEMI"), and the Sheet Metal Occupational Health Institute Trust ("SMOHI") (collectively referred to as "plaintiffs"), filed this action under sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and

under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). These Acts govern suits among parties to enforce provisions of their collective bargaining agreements. Plaintiffs seek the unpaid contributions, interest on the unpaid contributions, liquidated damages, injunctive relief, and attorneys' fees and costs pursuant to ERISA, LMRA, and the collective bargaining agreement with the Sheet Metal Workers' International Association Local Union No. 219 ("Local Union No. 219 "), to which defendant was party. (Compl. ¶ 15.) Furthermore, defendant also agreed to abide by the terms and conditions of the Trust Agreements establishing the trust funds and to submit monthly reports and payments to the Funds. (Compl. ¶ 16.)

### B. Jurisdiction and Venue

Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 185(a), 1132 and 1145. Where an action is brought in a district court of the United States under Sections 502 and 515 of ERISA, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. Process may be served in any other district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in any district court having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. §§ 185(a). The funds are administered in this district from the plaintiffs' principal places of business in Alexandria, Virginia. (Compl. ¶¶ 1, 2.) This Court has personal jurisdiction over defendant under the decision in *Board of Trustees, Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).

### C. Service of Process

Process was served on defendant by serving defendant's President, Greg Brown, who was authorized to accept service at 6419 Material Avenue, Loves Park, IL 61111.

### D. Grounds for Default

Plaintiffs filed their Complaint on March 27, 2009. Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On May 7, 2009, plaintiffs filed a Request for Entry of Default with the Clerk's office. (Dkt. No. 5.) The Clerk entered default as to defendant on May 8, 2009. (Dkt. no. 6.) On May 8, 2009, the Honorable T.S. Ellis, III entered an Order setting the matter for an *ex parte* damages hearing. (Dkt. No. 7.) On May 18, 2009, plaintiffs filed a Motion for Default Judgment (Dkt. No. 8) and the hearing was conducted on June 5, 2009. After a representative of defendant failed to appear at the June 5, 2009 *ex parte* proof of damages hearing, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation. After the *ex parte* proof of damages hearing, the Court requested that the plaintiffs supplement their Motion for Default Judgment to clarify inconsistencies in the Complaint and Motion for Default Judgment, and to provide further information relating to the requested pre-litigation liquidated damages.

## II. FACTUAL FINDINGS

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Declaration of Joshua Todd, the Assistant Billing Manager of the Sheet Metal Workers' National Pension Fund ("Todd Decl."), the Declaration of Philip A. Lozano, Esquire, plaintiffs' counsel ("Lozano Decl."), and the documents submitted in proof of damages.

Plaintiffs, who are employee benefit plans or trust funds, bring this action under 29

U.S.C. §§ 1132 and 1145, and 29 U.S.C. § 185. Plaintiffs seek to collect unpaid monthly benefit plan contributions, interest and liquidated damages on unpaid and delinquent contributions, injunctive relief, and attorneys' fees and costs due under the terms of the Funds Agreements and Declarations of Trust ("Agreements") between plaintiffs and defendant. (Compl. ¶ 15; Todd Decl. ¶ 3.)

Plaintiffs seek an order holding defendant liable and requiring defendant to: (1) file remittance reports and make timely contributions due to the Funds for the months of September 2008 through January 2009; (2) permit plaintiffs to conduct an audit of the defendant's wage, payroll, and personnel records for all periods for which the defendant is obligated to contribute to the Funds; (3) pay all additional unpaid contributions, all contractual late charges, all interest and liquidated damages on the unpaid contributions, and all costs of the audit; and (4) pay plaintiffs' reasonable attorneys' fees and costs in bringing this action, as well as any additional fees and costs incurred in the execution of any judgment awarded.[1] (Pls.' Mot. Default J. 11; Todd Decl. ¶¶ 7-8.) Currently, plaintiffs seek total damages in the amount of $28,907.31.[2]

In addition, plaintiffs seek injunctive relief enjoining the defendant and all persons acting on its behalf from refusing to file remittance reports with accompanying contributions for all periods for which defendant is obligated to do so under the terms of any collective bargaining

---

[1] On June 25, 2009, at the direction of the undersigned Magistrate Judge, plaintiffs filed a Supplemental Memorandum in Support of Plaintiffs' Motion for Default Judgment (Dkt. No. 12). The purpose of the Supplement was to make clear that the time period for which defendant failed to remit contributions in the Motion for Default Judgment was consistent with the time period for which the defendant was seeking damages in the Complaint, pursuant to Fed. R. Civ. P. 54(c).

[2] The Complaint sought an amount of $35,222.94 in damages. (Compl., Ex. 2.)

agreement. (Compl. 9.)

Pursuant to the Agreements, defendant is obligated to contribute to the Funds on behalf of defendant's covered employees. (Compl. ¶ 15.) Contributions must be made for time worked by or paid to the covered employees, and for the wages and fringe benefits due at the contribution rate specified in the Agreements. (Pls.' Mot. Default J. 3, 5.) In addition to monthly contributions, the Agreements require defendant to submit monthly remittance reports on which the defendant is to list its covered employees and the hours they worked or for which they received pay that month. The Agreements also require the reports to list the wages and contributions owed due to or on behalf of covered employees. (Compl. ¶ 17; Pls.' Mot. Default J. 3.) The completed remittance reports and accompanying contributions are due to the Funds by the twentieth (20th) day of the month following the month in which covered employment occurred. (Compl. ¶ 19.) The contributions are delinquent if received thereafter. (Compl. ¶ 19.)

In violation of the Agreements, defendant has failed to submit timely monthly contributions to plaintiffs for the period of September 2008 through January 2009. (Compl. ¶ 24.) Based on its reports to the plaintiffs from September 2008 through January 2009, it is alleged that defendant owes contributions in the amount of $34,843.82.[3] (Compl. ¶ 25.) Pursuant to the Agreements and under § 502(g)(2) of ERISA,[4] plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) interest on contributions which were paid late or remain

---

[3] Exhibit 1 to plaintiffs' Supplement to its Memorandum in Support of its Motion for Default Judgment (Dkt. No. 12) shows that defendant owes $19,629.94 in delinquent contributions.

[4] 29 U.S.C. § 1132(g)(2).

5

unpaid;[5] (3) liquidated damages for contributions which were paid late or remain unpaid;[6] and (4) reasonable attorneys' fees and the costs of this action.

Furthermore, in violation of the Agreements, defendant's contributions to the plaintiffs for the months of June 2008 through August 2008 were late. (Compl, Ex. 2., n.5.) Prior to the filing of the action, but after their due date, the contributions and remittance reports for June 2008 through August 2008 were paid. (Suppl. Mem. Supp. Mot. Default J., Dkt. No. 14.) Pursuant to the Agreements, because the reports for the months of June 2008 through August 2008 were submitted late, the plaintiffs are entitled to recover damages for failure to file the properly completed reports that are equal to the greater of fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions paid after the due date, and before any lawsuit is filed.[7] (Dkt. No. 9, Ex. 2 and 3.)

The amounts due in unpaid and delinquent monthly contributions, accrued interest on unpaid and delinquent contributions calculated through May 31, 2009, and liquidated damages on unpaid and delinquent contributions for each of the Funds are summarized as follows:

---

[5] For the Funds, interest is calculated at the rate prescribed under the Funds' governing documents at eight and one-half percent (8.5%) per year, as of January 1, 2007. (Todd Decl. ¶ 8(b).)

[6] For the Funds, liquidated damages are assessed in an amount equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions. (Pls.' Mot. Default J., Ex. 2 at 13.)

[7] Art. V, Sec. 4(c) of the Amended and Restated Agreement and Declaration of Trust and the July 2006 Amendment to Art. V, Sec. 4.C.

| *Fund* | *Contributions* | *Interest* | *Liquidated Damages* | *Pre-Litigation Liquidated Damages* | *Total* |
|---|---|---|---|---|---|
| NPF | $18,907.90 | $769.32 | $3,781.55 | $1,431.08 | $24,889.85 |
| ITI | $510.03 | $20.69 | $101.99 | $38.02 | $670.73 |
| NEMI | $127.21 | $5.17 | $25.46 | $9.50 | $167.31 |
| SMOHI | $84.80 | $3.43 | $16.94 | $6.33 | $111.50 |
| *Total* | $19,629.94 | $798.61 | $3,925.91 | $1,484.93 | $25,839.39 |

(Supplement Pls.' Mot. Default J., Ex. 1.)

Finally, plaintiffs seek $3,067.92 in attorneys' fees and costs. In support of this request, plaintiffs submitted the Declaration of Philip A. Lozano, Esquire, and a report of attorneys' fees and costs through May 13, 2009. (Pls.' Mot. Default J., Ex. 8.) The undersigned Magistrate Judge finds the requested costs and fees to be reasonable.

## III. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of plaintiffs. The undersigned Magistrate Judge has concluded that plaintiffs are entitled to recover the following: $19,629.94 in unpaid contributions; $798.61 in accrued interest through May 31, 2009; $3,925.91 in liquidated damages; $1,484.93 in pre-litigation liquidated damages; and $3,067.92 in reasonable attorneys' fees and costs. Thus, the recommended award total is $28,907.31.

The undersigned Magistrate Judge further recommends granting the following injunctive relief: (1) that defendant be ordered to file remittance reports, if not already filed, and make payments due, within twenty (20) days of the date of this Order, for the period covering September 2008 through January 2009, and for all other periods for which it is obligated, until

the expiration of the current collective bargaining agreement and extensions thereto; (2) that defendant be ordered to permit plaintiffs to conduct an audit of its wage, payroll and personnel records, within twenty (20) days of the date of this Order, for all periods for which defendant is obligated to contribute to the Funds under the collective bargaining agreement; (3) that should such an audit reveal unreported hours and that additional contributions are due, defendant be ordered to pay all additional unpaid contributions, all interest, and liquidated damages on those unpaid contributions, and all costs of the audit; and (4) that defendant, its officers, agents, servants, employees, attorneys, and all persons acting on their behalf or in conjunction with them be restrained and enjoined from refusing to file complete, proper, and timely remittance reports with accompanying contributions for all periods for which the defendant is obligated to do so under its current and future collective bargaining agreements.

If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## IV. NOTICE

**By mailing copies of this report and recommendation, the parties are notified as follows. Objections to this report and recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within ten (10) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all Counsel of record and to defendant at the following address:

Ralston Brown, Inc.
d/b/a Larson Sheet Metal
6419 Material Avenue
Loves Park, IL 61111

                                                                           /s/
                                                  Ivan D. Davis
                                              United States Magistrate Judge

July 28, 2009
Alexandria, Virginia